UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RATCLIFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. AKANNO, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00584-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff William Ratcliff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2016. Local Rule 302.

Plaintiff filed the instant complaint on April 26, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names M. Spaeth (Chief Physician and Surgeon), Ogun Omolade (medical examiner for the health care department), A. Rangel (Registered Nurse), A. Manasrah (Primary Care Physician), and J. Akanno (Medical Doctor), as Defendants. Plaintiff contends that each Defendant was deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

In April 2010, Plaintiff suffered from severe ulnar neuropathy at the wrist, soft tissue inflammation, tendon swelling with inflammation, unusual weakness and numbness. Plaintiff was under treatment by prison health staff for this serious medical condition, and Plaintiff was informed by Physician Dennis G. Patterson that he would need surgery. Plaintiff was issued a lower bunk chrono by Dennis G. Patterson.

1    On December 8, 2012, while housed at Calipatria State Prison, Plaintiff sustained trauma
2 during an assault and was air lifted to Desert Regional Medical Center. Plaintiff suffered multiple
3 contusions and fractures to his lower back and left shoulder.

4    On November 23, 2013, Plaintiff was transferred to Kern Valley State Prison (KVSP). While
5 housed at KVSP, Defendant Ogun Omolade took Plaintiff's lower bunk chrono without Plaintiff's
6 knowledge and without contacting Plaintiff to explain why the chrono was no longer necessary.

7    On December 16, 2014, Plaintiff filed an administrative appeal complaining about his injuries
8 and lower bunk chrono. The appeal was answered at the Director's Level on July 9, 2015, Log #
9 KVSP HC 14035850. The response stated that after review, no intervention at the Director's Level
10 was necessary as Plaintiff's medical condition was evaluated and he was receiving the treatment
11 deemed medically necessary.

12   On May 22, 2015, while trying to climb into the upper bunk, Plaintiff slipped and fell off the
13 desk stool and sustained an injury to the back of his head requiring stitches. Plaintiff re-injured his
14 lower back and upper left shoulder. On this same date, Plaintiff completed a health care service
15 request form complaining about the injury to Plaintiff's shoulder and back. Plaintiff was experiencing
16 excruciating an agonizing pain.

17   On May 26, 2015, Plaintiff went to the drop-in clinic and explained to the Medical Technician
18 Assistant (MTA) A. Rangel that Plaintiff re-injured his lower back and shoulder and would like to see
19 a doctor. Plaintiff knew his injuries were serious because he could barely walk. Plaintiff explained
20 that there was no way he could climb or reach the upper bunk without some sort of help. Plaintiff
21 demanded that his lower bunk chrono be reinstated even if it was temporally

22   Defendant Rangel stated that these injuries normally go away after several months, and
23 suggested that Plaintiff exercise and try not to bend too much. Rather than arranging a visit to see the
24 doctor, Defendant Rangel declined to do anything more than attempt to improve Plaintiff's condition.

25   On May 28, 2015, Plaintiff's condition had worsened. Plaintiff could not raise himself up from
26 his bunk to receive his breakfast meal. Plaintiff had to have assistance from his cellmate, inmate
27 Parks, who would assist Plaintiff whenever he could not raise himself up to receive his breakfast meal,
28 or when Plaintiff started having trouble getting to and from the bunk. After Plaintiff could not walk

1  without difficulty, he saw the medical technician that morning who was handing out the morning
2  medications.  Plaintiff explained that he was having substantial back pain, stiffness, numbness, and he
3  felt something puckering him in his lower back.
4      The MTA told Plaintiff to fill out a health care service request form and write emergency on
5  the top.  Plaintiff did so, and the next day he was seen by A. Manasrah (Primary Care Provider).
6  Plaintiff explained to Manasrah that in December of 2012, he was assaulted and sustained trauma, and
7  had to be air lifted to Desert Regional Medical Center where Plaintiff suffered multiple contusions and
8  fractures to his spine and upper left shoulder.
9      Plaintiff further explained that he suffered from severe ulnar neuropathy at the wrist and that in
10 May of 2015, Plaintiff re-injured his back and shoulder when he slipped and fell off the desk stool.
11 Plaintiff asked Manasrah for pain medication and to temporarily reinstate Plaintiff's lower bunk
12 chrono because it was difficult getting to and from the upper bunk.  Manasrah informed Plaintiff that
13 an x-ray was necessary before he would be prescribed pain medication.
14     Plaintiff continued to report his condition although he knew prison officials would not help
15 him.
16     After several weeks passed, MTA Rangel referred Plaintiff to Defendant J. Akanno.
17     On July 6, 2015, Plaintiff explained to Defendant Akanno about his condition and injuries and
18 requested that the lower bunk chrono be reinstated.  Doctor Akanno suggested that Plaintiff continue
19 with the exercise treatment which he knew was ineffective or entailed substantial risk of serious harm
20 to Plaintiff.
21     On July 9, 2015, Plaintiff had x-rays of his lower back and upper left shoulder.
22     On July 29, 2015, Plaintiff filed another administrative appeal form, KVSP HC 1503656,
23 complaining that he had not received proper medication and treatment.  The appeal was assigned to
24 Defendant Chief Physician Sparth for second level review.  Dr. Sparth agreed with the first level
25 response, without any medical justification.  Dr. Sparth knew about Plaintiff's problems but
26 incorrectly did not believe that it posed a substantial risk of serious harm to Plaintiff.  Dr. Sparth did
27 not make a good faith effort to investigate or fix the problem.  Plaintiff's pain radiates from his back
28 into his upper left shoulder and legs.

1    On August 5, 2015, Plaintiff received the results of his x-rays. The results stated that
2 Plaintiff's lower back and shoulder were fractured. The results also indicated that arthritis has set into
3 Plaintiff's lower back and shoulder.
4    Although the test results mentioned Plaintiff's injuries were serious, Doctor J. Akanno was
5 unconcerned about the danger because he continued to allow Plaintiff to be on the upper bunk,
6 knowing Plaintiff had a rupturing back and shoulder fracture.
7    On September 18, 2015, Doctor Akanno prescribed Naproxen and Oxcarbazepine.
8    On October 5, 2015, Plaintiff explained that the medication was not working. Doctor Akanno
9 began to get upset with Plaintiff because Plaintiff continued to put forth health care request slips
10 complaining about his condition. Had Doctor Akanno reviewed Plaintiff's medical records, he would
11 have learned that Plaintiff sustained multiple contusions and fractures to transverse process lumber
12 spine and sever ulnar neuropathy at the wrist.

## III.

## DISCUSSION

### A.    Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference. Snow v. McDaniel, 681 F.3d at 987, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

### 1. Defendant M. Spaeth

Plaintiff contends that Defendant M. Spaeth reviewed his inmate appeal, KVSP HC 1503656 regarding the lack of proper medication and treatment. Plaintiff contends he denied the grievance without medical justification.   The mere fact that an individual denied an inmate grievance, alone without further factual allegations to support a finding of deliberate indifference does not give to a constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim against Defendant M. Spaeth.

### 2. Defendant Ogun Omolade

Plaintiff contends that Defendant Ogun Omolade terminated his chrono for lower bunk bed placement without Plaintiff's knowledge. The mere fact that Defendant Omolade terminated Plaintiff's chrono for a lower bunk, does not alone, demonstrate that Omolade was deliberately indifferent to Plaintiff's safety. There are no facts that Omolade actually knew of and disregarded an excessive risk to Plaintiff's safety, and the mere fact that a certain individual may have been negligent does not give rise to a constitutional claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant Ogun Omolade.

### 3. Defendant A. Rangel

Plaintiff contends that A. Rangel failed to properly treat his condition by recommending that Plaintiff exercise and try not to bend too much. Plaintiff's factual allegations fail to give rise to a claim for deliberate indifferent. The fact that Plaintiff believes he should have received different treatment and/or medication does not support a claim for deliberate indifference. Snow v. McDaniel,

681 F.3d at 987.  Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant A. Rangel.

### 4. Defendant A. Manasrah

Plaintiff contends that A. Manasrah denied him pain medication and temporary reinstatement of his lower bunk chrono because an x-ray was necessary.  Plaintiff fails to demonstrate deliberate indifference on the part of Defendant Manasrah.  Plaintiff has not pled facts to suggest that the denial of medication and a lower bunk chrono exhibited deliberate indifference to his medical needs.  See Estelle, 429 U.S. at 107-108 ("A medical decision not to order [a form of treatment] … does not represent cruel and unusual punishment.")  In fact, Plaintiff allegations support the contrary.  Plaintiff acknowledges that Manasrah ordered x-rays which were done on August 5, 2015.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant Manasrah.

### 5. Defendant J. Akanno

Plaintiff's allegations that Doctor Akanno denied his pain medication and continued his placement on an upper bunk amount to a mere difference in medication opinion which is not actionable as an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d at 332.  Plaintiff's belief that he should not have continued to be housed on an upper bunk and disagreement with the pain medication provided does not demonstrate deliberate indifference.   Accordingly, Plaintiff fails to state a cognizable claim against Defendant J. Akanno.

### B. Inmate Appeal

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Thus, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient.  Ramirez v. Galaza, 334 F.3d at 860; Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 26, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 21, 2016**

UNITED STATES MAGISTRATE JUDGE