UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RATCLIFF,<br><br>    Plaintiff,<br><br>    v.<br><br>J. AKANNO, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00584-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>[ECF No. 12] |

Plaintiff William Ratcliff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2016. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed August 22, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names M. Spaeth (Chief Physician and Surgeon), Ogun Omolade (medical examiner for the health care department), A. Rangel (Registered Nurse), A. Manasrah (Primary Care Physician), and J. Akanno (Medical Doctor), as Defendants. Plaintiff contends that each Defendant was deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

In April 2010, Plaintiff suffered from severe ulnar neuropathy at the wrist, soft tissue inflammation, tendon swelling with inflammation, unusual weakness and numbness. Plaintiff was under treatment by prison health staff for this serious medical condition, and Plaintiff was informed by Physician Dennis G. Patterson that he would need surgery. Plaintiff was issued a lower bunk chrono by Dennis G. Patterson.

1	On December 8, 2012, while housed at Calipatria State Prison, Plaintiff sustained trauma
2	during an assault and was air lifted to Desert Regional Medical Center.  Plaintiff suffered multiple
3	contusions and fractures to his lower back and left shoulder.
4	On November 23, 2013, Plaintiff was transferred to Kern Valley State Prison (KVSP).  While
5	housed at KVSP, Defendant Ogun Omolade took Plaintiff's lower bunk chrono without Plaintiff's
6	knowledge and without contacting Plaintiff to explain why the chrono was no longer necessary.
7	Defendant Omolade, as a medical examiner, has access to the computer medical file to
8	determine any medication taken by Plaintiff.  Had Omolade checked the medical file, he would have
9	discovered how the extent of Plaintiff's injuries.
10	On May 22, 2015, Plaintiff slipped and fell off the desk stool while trying to climb onto the
11	upper bunk and sustained an injury to back of his head which required stitches.  Plaintiff re-injured his
12	lower back and upper left shoulder.  On this same date, Plaintiff completed a health care service
13	request form and complained to Defendant Rangel about the injury to Plaintiff's shoulder and back.
14	Plaintiff was experiencing excruciating an agonizing pain.  Defendant Rangel stated that these injuries
15	normally go away after several months and suggested that Plaintiff exercise and try not to bend too
16	much.
17	Defendant Rangel delayed diagnosis and delayed Plaintiff from getting treatment for his lower
18	back and shoulder while Plaintiff was suffering in pain.  Defendant Rangel ignored Plaintiff for
19	several weeks before sending him to see a specially trained doctor.  Defendant Rangel was aware of
20	Plaintiff's suffering and need for treatment from review of his medical requests.  At this time, Plaintiff
21	did not know that he had re-fractured his back and shoulder and that arthritis had set in.
22	On May 28, 2015, Plaintiff's condition had worsened.  Plaintiff was seen the next day, May 29,
23	2015, by Defendant A. Manasrah.  Plaintiff told Manasrah about the assault and the injuries he
24	suffered.  Plaintiff requested pain medication and a temporary lower bunk chrono because it was
25	difficult getting to and from the upper bunk.  Plaintiff was told that an x-ray was needed before pain
26	medication could be prescribed and a lower bunk chrono was out of the question at that time.  Plaintiff
27	contends his x-rays revealed two vertebral fractures and arthritis.
28

1     On July 6, 2015, Plaintiff explained to Defendant Akanno about his condition and injuries. Dr. Akanno suggested that Plaintiff continue with the exercise treatment which he knew was ineffective or caused substantial risk of harm.

    On July 29, 2015, Plaintiff filed another administrative appeal. The appeal was assigned to Defendant Spaeth and with knowledge of Plaintiff's medical condition denied the appeal for medical treatment.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference. Snow v. McDaniel, 681 F.3d at 987, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course

in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).

Viewing Plaintiff's allegations liberally, as this Court must, Plaintiff states a cognizable claim for relief against Defendants J. Akanno, M. Spaeth, Ogun Omolade, A. Rangel, and A. Manasrah. However, for the reason explained *infra*, the amended complaint must be dismissed, with leave to amend.

### B. Demand for Relief

Rule 8 of the Federal Rules of Civil Procedure specifically states that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Plaintiff fails to seek relief for the claims presented. Because Plaintiff's amended complaint fails to set forth a demand for relief, it must be dismissed, with leave to amend. Thus, in any amended complaint that may be filed, Plaintiff must comply with Rule 8(a)(3) and set forth a proper demand for relief.

### C. Official Capacity Claims

Plaintiff sues Defendants in both their individual and official capacities. Plaintiff is advised that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." <u>Aholelel v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). However, "[a] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 n.10 (1989).

### IV.
### CONCLUSION AND ORDER

Based on the allegations in the first amended complaint, Plaintiff states a cognizable claim for deliberate indifference against Defendants J. Akanno, M. Spaeth, Ogun Omolade, A. Rangel, and A. Manasrah; however, because the complaint does not set forth a demand for relief as required under Rule 8 of the Federal Rules of Civil Procedure, it must be dismissed with leave to amend.

Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed August 22, 2016, is dismissed for failure to comply with Rule 8(a)(3);
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim under Rule 8(a)(3).

IT IS SO ORDERED.

Dated:   **February 16, 2017**

UNITED STATES MAGISTRATE JUDGE