# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RATCLIFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. AKANNO, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00584-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT OGUN OMOLADE SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>[ECF No. 20] |

Plaintiff William Ratcliff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2016. Local Rule 302.

This action is proceeding against Defendants J. Akanno, M. Spaeth, Ogun Omolade, A. Rangel, and A. Manasrah for deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

On April 10, 2017, the Court directed the United States Marshal to serve the Defendants. On April 18, 2017, the USM-285 form was returned unexecuted as to Defendant Ogun Omolade. (ECF No. 20.)

///

///

///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

The USM-285 form indicates that no one by the name and/or spelling of Ogun Omolade works at Kern Valley State Prison and no such individual could be found in the global address book.[1] At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Ogun Omolade. Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Omolade should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Omolade will be dismissed, without prejudice.

///

///

---

[1] The Marshal's Office sought assistance from the Litigation Coordinator at Kern Valley State Prison. (ECF No. 20.)

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Ogun Omolade should not be dismissed; and

2. The failure to respond to this order or the failure to show cause will result the dismissal of Defendant Ogun Omolade without prejudice..

IT IS SO ORDERED.

Dated: **April 24, 2017**

UNITED STATES MAGISTRATE JUDGE