# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RATCLIFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. AKANNO, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00584-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTION TO COMPEL<br><br>[ECF No. 42] |

Plaintiff William Ratcliff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed August 16, 2017. Plaintiff did not file an opposition and the time to do so has passed. Accordingly, the instant motion is deemed submitted for review without oral argument. Local Rule 230(l).

**I.**

**DISCUSSION**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 26, Discovery and Scheduling Order, ¶4. Further, where

1

otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV

S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

On May 17, 2017, Defendants Manasrah, Rangle, and Spaeth served Plaintiff with special interrogatories and requests for documents. (Woodbridge Decl. ¶ 2.) On June 8, 2017, Dr. Ogun served Plaintiff with special interrogatories and requests for documents. (Id. ¶ 3.) Each Defendant served the exact same 12 interrogatories on Plaintiff.

On June 19, 2017, Plaintiff moved for an extension of time of 10 days to respond to Defendants' discovery requests. (ECF No. 31.) The Court granted Plaintiff's request on June 21, 2017. (ECF No. 32.)

On June 22, 2017, Plaintiff served responses to Defendants Manasrah, Ogun, Rangle, and Spaeth's discovery requests. (Woodbridge Decl. ¶ 4.) Plaintiff did not serve any documents with the responses despite the fact that he indicated documents were attached. (Woodbridge Decl., Exs. 9-16.) Thereafter, counsel sent a meet and confer letter to Plaintiff on July 6, 2017, requesting that Plaintiff provide further responses to the discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34. (Woodbridge Decl. ¶ 5.) At of the filing date of the instant motion, Plaintiff has not provided supplemental responses. (Id. ¶ 6.)

Defendants seek to compel Plaintiff to provide further responses to special interrogatories, set one numbers 1, 2, 4, 5, 9, 10, 11, and 12 and request for production of documents, set one numbers 1, 3, 4, 5, and 6.

**A.     Special Interrogatories**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for

3

good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney, who objects must sign any objections.")

Defendants argue that Plaintiff's responses to special interrogatories numbers 1, 2, 4, 5, 9, 10, 11, and 12 fail to comply with Federal Rules of Civil Procedure 33 because Plaintiff simply cites to the complaint and medical records without identifying any specific facts, dates, documents, or witnesses that are responsive to the interrogatories.

    1.    <u>Special Interrogatory, Set One, No. 1</u>

**Interrogatory No. 1:** Identify each date on which you claim Defendant was deliberately indifferent to your medical needs.

**Response:** Plaintiff "objects" to this interrogatory as based upon the facts of the complaint as alleged not waiving the objection, the plaintiff stated clearly established constitutional rights of the (8th) Amendment right to be free from cruel and unusual punishment by the deliberate indifference to his medical needs that resulted in a fractured lower "back" and fractured left upper shoulder pain and suffering, mental and emotional trauma has left permanent scars and physical pain mild to moderate glenohumeral joint arthritis.

**Ruling:** Defendants' motion to compel will be granted. Federal Rule of Civil Procedure 37 provides that a party propounding discovery may seek an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). "Complete and accurate responses to discovery are required for the proper functioning of our system of justice … [and] parties have a duty to provide true, explicit, responsive, and complete and candid answers to discovery…." <u>Wagner v. Dryvit Systems, Inc.</u>, 208 F.R.D. 606, 609-10 (D. Neb. 2001) (citations omitted). "Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." <u>Id.</u> at 610.

Although in his complaint, Plaintiff set forth a factual basis for his claim that each Defendant was deliberately indifferent to his medical needs, Plaintiff is nonetheless required to specify the exact dates, if known, as to when he claims that each Defendant acted with deliberate indifference. Accordingly, Defendants' motion to compel a further response will be granted.

2. Special Interrogatory, Set One, No. 2

**Interrogatory No. 2:** Please state all facts which support your contention that Defendant was deliberately indifferent to your serious medical needs.

**Response:** See medical documents by reference in support thereof.

**Ruling:** Defendants' motion to compel will be granted. Plaintiff failed to set forth the facts upon which his deliberate indifference claims rest and Plaintiff failed to provide any medical documents to support such factual contentions. Plaintiff must therefore supplement this response with any additional facts that support his contention, or must confirm in writing that there are no additional facts, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

3. Special Interrogatory, Set One, No. 4

**Interrogatory No. 4:** Please identify each document which supports your contention that Defendant was deliberately indifferent to your serious medical needs.

**Response:** See documents by reference in support thereof.

**Ruling:** Plaintiff failed to appropriately respond to this interrogatory as no documents were identified which support his claim of deliberate indifference and no documents were produced to Defendants. Plaintiff must therefore supplement this response with any documents that support his contention, or must confirm in writing that there are no documents, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

4. Special Interrogatory, Set One No. 5

**Interrogatory No. 5:** Please state all facts that support your contention that you sustained injury or damage as a result of Defendant's acts or omissions.

**Response:** Plaintiff "objects" to this interrogatory but not waiving the objection, plaintiff states his entire medical records and files containing all medical visits treatment at Desert Regional Medical Center outside hospital where plaintiff was diagnosed with trauma, contusions, and fractures.

**Ruling:** Plaintiff has failed to adequately respond to this interrogatory. Rather than state facts which support his claim that he suffered injury and/or damage as a result of Defendant's acts or omissions, Plaintiff merely references (without providing) documentation in his medical file relating to treatment at Desert Regional Medical Center. Plaintiff must therefore supplement this response

with any additional facts that support his contention, or must confirm in writing that there are no additional facts, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

     5.     <u>Special Interrogatory, Set One No. 9</u>

**Interrogatory No. 9:** Please identify all documents which refer to the serious medical need which you claim is the subject of this lawsuit.

**Response:** See medical documents by reference in support thereof.

**Ruling:** Defendants' motion to compel is granted. As discussed above, Plaintiff must supplement this response to reflect what documents, if any, refer to a serious medical need, or confirm in writing that there are no documents, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

     6.     <u>Special Interrogatory, Set One No. 10</u>

**Interrogatory No. 10:** Please state all facts which support your contention that Defendant caused you harm.

**Response:** Plaintiff objects to this interrogatory, without waiving his objection, this question is asked and answered in the above Interrogatory No. 2.

**Ruling:** Defendants' motion to compel is granted. As explained, Plaintiff must supplement his response and specifically identify all facts which support his contention that Defendants caused him harm, or confirm in writing that no additional facts exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

     7.     <u>Special Interrogatory, Set One No. 11</u>

**Interrogatory No. 11:** Please identify all persons who have knowledge of your contention that Defendant caused you harm.

**Response:** Asked and answered in Special Interrogatory No. 3.

**Ruling:** Defendants' motion to compel is granted. By referencing the response to Interrogatory No. 3, which was non-responsive to Defendants' question, Plaintiff must supplement his response and specifically identify all persons who have knowledge of his contention that

Defendants caused him harm, or confirm in writing that no person exists, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

8. <u>Special Interrogatory, Set One No. 12</u>

**Interrogatory No. 12:** Please identify each document which supports your contention that Defendant caused you harm.

**Response:** Asked and answered in Special Interrogatory No. 3.

**Ruling:** Defendants' motion to compel is granted. By referencing the response to Interrogatory No. 3, which was non-responsive to Defendants' question, Plaintiff must supplement his response and specifically identify all documents which support his contention that Defendants caused him harm, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

**B.     Request for Production of Documents**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." <u>Allen v. Woodford</u>, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995)); <u>accord</u> <u>Bovarie v. Schwarzenegger</u>, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); <u>Evans v. Tilton</u>, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1)

to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

Defendants argue that Plaintiff's responses to document requests numbers 1, 3, 4, 5, and 6 do not comply with Federal Rules of Civil Procedure 34 because Plaintiff did not produce documents and simply makes reference to the complaint. Each Defendant served the exact same request for production.

   1.   Request for Production No. 1

**Request for Production No. 1:** All documents that support your contention that Defendant was deliberately indifferent to your serious medical needs.

**Response:** Plaintiff "objects" to this interrogatory based upon the facts in the complaint as alleged not waiving the objection, the plaintiff stated his clearly established constitutional rights of the (8th) Amendment right to be free from cruel and unusual punishment to plaintiff's serious medical needs. (See attached documents in support thereof by reference including CDCR "602" appeal forms).

**Ruling:** Defendants' motion to compel a further response is granted. Plaintiff cannot merely point to the allegations in his complaint in response to a request for production of documents. In addition, although Plaintiff references "attached documents" Defendants submit that no documents were attached. Plaintiff must supplement his response and specifically identify all documents which support his contention that Defendants were deliberately indifferent to his serious medical needs, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

   2.   Request for Production No. 3

**Request for Production No. 3:** All documents that refer to the serious medical need which you claim is the subject of this lawsuit.

**Response:** See attached documents by reference in support thereof.

8

**Ruling:** Defendants' motion to compel a further response is granted. As explained above, Plaintiff must supplement his response and specifically identify all documents that refer to the serious medical need which supports the claim in this action, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

3. <u>Request for Production No. 4</u>

**Request for Production No. 4:** All documents that identify the dates on which you claim Defendant was deliberately indifferent to your medical needs.

**Response:** Asked and answered in Request No. 3.

**Ruling:** Defendants' motion to compel a further response is granted. As explained above, Plaintiff must supplement his response and specifically identify all documents that identify the dates on which he claims each Defendant was deliberately refer to the serious medical need which supports the claim in this action, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

4. <u>Request for Production No. 5</u>

**Request for Production No. 5:** All documents that identify the harm you suffered as a result of Defendant actions or inactions.

**Response:** See attached documents by reference in support thereof.

**Ruling:** Defendants' motion to compel a further response is granted. As explained above, Plaintiff must supplement his response and specifically identify all documents that identify the harm he suffered as a result of Defendant actions or inactions, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

5. <u>Request for Production No. 6</u>

**Request for Production No. 6:** All documents that show Defendant was the cause of your harm.

**Response:** Asked and answered in the above request.

**Ruling:** Defendants' motion to compel a further response is granted. As explained above, Plaintiff must supplement his response and specifically identify all documents that show each

Defendant was the cause of his harm, or confirm in writing that no documents exist, to his knowledge. Accordingly, Defendants' motion to compel a further response is granted.

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel responses to their discovery requests is granted; and

2. Within **thirty (30)** days from the date of service of this order, Plaintiff shall serve supplemental responses to special interrogatories numbers 1, 2, 4, 5, 9, 10, 11, and 12, and to document requests numbers 1, 3, 4, 5, and 6, served May 17, 2017 and June 8, 2017.

IT IS SO ORDERED.

Dated: **September 27, 2017**

UNITED STATES MAGISTRATE JUDGE