**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM RATCLIFF, | Case No.: 1:16-cv-00584-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO EXTRACT TESTIMONY OF DEFENDANTS |
| J. AKANNO, et al., | [ECF No. 51] |
| Defendants. | |

Plaintiff William Ratcliff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants J. Akanno, M. Spaeth, Ogun Omolade, A. Rangel, and A. Manasrah for deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

On May 17, 2017, Defendants Manasrah, Rangle, and Spaeth filed an answer to Plaintiff's second amended complaint. On May 18, 2017, the Court issued the discovery and scheduling order.

On June 8, 2017, Defendant Ogun Omolade filed an answer to Plaintiff's second amended complaint. On June 9, 2017, the Court extended the discovery and scheduling order to Defendant Omolade.

On September 6, 2017, Defendant Akanno filed an answer to Plaintiff's second amended complaint. On September 7, 2017, the Court extended the discovery and scheduling order to Defendant Akanno.

///
///
///

1    Currently before the Court is Plaintiff's motion to extract testimony of Defendants, filed on
2    March 5, 2018.[1] On March 22, 2018, Defendant J. Akanno filed an opposition to Plaintiff's motion.
3    Plaintiff did not file a reply and the time to do so has expired.

4    On March 12, 2018, Defendant Akanno received a second motion from Plaintiff; however, no
5    such motion has been filed with the Court. (Declaration of Nichole Cahill ("Cahill Decl.") ¶ 2, Ex. 1.)
6    The March 12, 2018 motion is nearly identical to the March 5, 2018 motion and both seek the same
7    substantive relief. (ECF No. 51 & ECF No. 52, Ex. 1.) On March 13, 2018, Defendant Akanno
8    received a notice from Plaintiff seeking that Defendant "disregard" his motion for an order to depose
9    Defendants. (Cahill Decl. ¶ 3, Ex. 2.) However, no such notice has been filed with the Court.

10   Defendant Akanno opposes Plaintiff's motion based on his apparent withdrawal of the motion
11   and the fact that the discovery deadline has expired. Defendant Akanno's opposition has merit. To
12   the extent Plaintiff seeks to withdraw his motion, it is now moot. In any event, pursuant to the May
13   18, 2017 discovery and scheduling order, the deadline for completion of all discovery expired on
14   January 18, 2018. (ECF No. 26.) Because the discovery deadline has passed, Plaintiff cannot seek to
15   depose Defendants, absent a showing of good cause to extend the discovery deadline. Modification of
16   a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a
17   showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).
18   To establish good cause, the party seeking the modification of a scheduling order must generally show
19   that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The
20   court may also consider the prejudice to the party opposing the modification. Id. If the party seeking
21   to amend the scheduling order fails to show due diligence the inquiry should end and the court should
22   not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087
23   (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by
24   demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

---

[1] Under Federal Rules of Civil Procedure, depositions may be taken orally or by written questions. Fed. R. Civ. P. 30, 31. "A party who wants to depose a person by oral questions must be give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). In addition, the noticing party must bear the costs of recording the deposition and arrange for an officer to conduct the depositions. Fed. R. Civ. P. 30(b)(3)(A), 30(b)(5)(A).

Plaintiff has failed to demonstrate good cause to extend the discovery deadline and his motion to conduct depositions of Defendants is denied. Accordingly, Plaintiff's motion to extract testimony of Defendants by way of depositions is denied.

IT IS SO ORDERED.

Dated: **April 2, 2018**

UNITED STATES MAGISTRATE JUDGE